IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. BK16-41913 |
| N. CURTIS DUNLOP and CYNTHIA L. DUNLOP, | CH. 7 |
| Debtors. | |
| NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ADV. PROC. 17-4009 |
| Plaintiff, | |
| vs. | |
| N. CURTIS DUNLOP, | |
| Defendant. | |

## ORDER

This matter is before the court on the cross-motions for summary judgment filed by the Plaintiff, Nebraska Department of Health and Human Services (Fil. No. 29), and the Defendant, N. Curtis Dunlop (Fil. No. 31). Vicki L. Adams represents the Plaintiff, and James C. Bocott represents the Defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

On the surface, this adversary proceeding presents the question of whether amounts due from the Defendant to the Plaintiff under the terms of a state court settlement agreement are excepted from discharge under 11 U.S.C. § 523(a)(2). However, that issue has been conceded by the Defendant in connection with the cross-motions for summary judgment. The sole remaining question for this court to decide is whether the Plaintiff is entitled to treble damages and penalties rather than just the unpaid portion of the settlement agreement. For the reasons stated below, I find that the Plaintiff is not entitled to treble damages and penalties, and is only entitled to a judgment for the remaining amounts due under the terms of the settlement agreement and a finding that the amount due is excepted from discharge.

### *Findings of Fact*

On August 10, 2015, the Plaintiff sued the Defendant in the District Court of Lincoln County, Nebraska, for misrepresentation of services rendered, breach of contract, fraudulent misrepresentation, unjust enrichment, and violations of the False Medicaid Claims Act. Under the False Medicaid Claims Act, at Neb. Rev. Stat. § 68-939, violators are subject to treble damages, along with penalties for false claims submitted.

Prior to trial of the Lincoln County action, the Plaintiff and the Defendant entered into a settlement agreement and release. Pertinent provisions of the settlement agreement and release are as follows:

1. The State agrees to dismiss with prejudice the unresolved claims in the above-referenced action subject to the satisfaction of all terms and conditions set forth herein.

2. The State accepts, in satisfaction of the judgment against the Defendant, payment in the amount of $32,000, representing 1.3 times the single damages in the amount of $24,509 for the improper reimbursement. Payment shall be made in twelve (12) equal monthly installments of $2,666.67, commencing March 1, 2016 and on the first day of each succeeding month ending February 1, 2017, . . .

3. The parties specifically agree that should any Defendant fail or neglect to pay in full according to the terms of this agreement, the State may, without notice to Defendants, <u>consider this agreement in default, accelerate the remaining amount due hereunder</u>, and exercise its right to obtain a Confession of Judgment, as set forth in paragraph 4 below, and all of its post judgment remedies allowed by law.

4. Should the Defendants, or any of them, default on said payments to the State, pursuant to paragraph 3 above, Defendants agree that they shall confess entry of judgment in the sum of the remaining balance due at that time. . . . The Parties agree that upon default, the State may file this Settlement Agreement And Release, along with an accounting of payments made and the balance remaining due, and that the same shall be treated as a Confession of Judgment. Further, pursuant to *Neb. Rev. Stat*. § 25-1309, the State shall assent to the entry of said judgment in the amount calculated from the accounting of payments made and the balance remaining due submitted by the State with the Stipulation And Release.

5. In consideration of the resolution of all the issues pertaining to the covered conduct, N. Curtis Dunlop hereby absolutely and unconditionally guarantees to the State the payment, and not merely the collection of the obligation set forth above.

. . .

9. Subject to the exceptions set forth below, and in consideration of the obligations set forth herein, and conditioned upon full payment of the settlement amount, the State, on behalf of itself, its officers, agents, agencies and departments, fully and finally release the Defendants, and any of their respective successors and assigns, from any civil or administrative claim for the covered conduct that the State has or may have under the Nebraska False Medicaid Claims Act or any common law theories of payment by mistake, unjust enrichment, breach of contract, disgorgement, recoupment, conversion or fraud.

10. Notwithstanding any term of this agreement, specifically reserved and excluded from the scope and terms of this agreement as to any entity or person, including any Defendant, are the following:

    a. Any civil, criminal, or administrative liability to the government of the United States.

    b.    Any criminal action under Nebraska law brought by any governmental entity, having concurrent jurisdiction with the Nebraska Attorney General, to prosecute the covered conduct under the laws of the State of Nebraska. No such action is known by the Nebraska Attorney General's office and the Nebraska Attorney General's office will make no effort to refer this matter to any such entity.

    c.    Any administrative remedy, except as explicitly stated in this Stipulation, although no such action is known of or contemplated by the Attorney General.

    d.    Any liability to the State or its agencies for any conduct other than the covered conduct.

In its complaint to determine dischargeability of debt, the Plaintiff asserts that the Defendant has paid to the state a total of $13,335.35 toward the settlement amount, with the last payment having been received on August 12, 2016. The balance of the settlement amount remaining due and owing is $18,668.69. The Plaintiff further asserts that it is entitled to treble damages as originally claimed in state court, less an offset for the amount paid pursuant to the settlement agreement. Therefore, the Plaintiff claims it is entitled to damages of $60,191.86, plus $10,000 per claim, and attorney fees and costs.

In his response to the Plaintiff's motion for summary judgment, and in his own motion for summary judgment, the Defendant concedes that the sum of $18,668.69 due and owing under the terms of the settlement agreement is nondischargeable and that judgment may be entered accordingly. The Defendant, however, disputes that the Plaintiff is entitled to treble damages and penalties under the express terms of the settlement agreement and as a result of the state dismissing the Lincoln County District Court action, with prejudice.

*Discussion*

As a result of the concession by the Defendant that the amounts due under the settlement agreement are excepted from discharge, there is no reason for this court to discuss the elements and proof necessary for a finding under 11 U.S.C. § 523(a)(2)(A). Instead, the question presented is whether the state is, as a result of the settlement agreement and dismissal with prejudice, barred from seeking any sums in excess of the balance due under the terms of the settlement agreement. The pertinent provisions of the settlement agreement are delineated above.

The settlement agreement provides that it is governed by Nebraska law. It is the law of Nebraska that when the provisions of a contract, together with the facts and circumstances that aid in ascertaining the intent of the parties, are not in dispute, the proper construction of such a contract is a question of law. *Spittler v. Nicola*, 239 Neb. 972, 978, 479 N.W.2d 803, 808 (1992). Whether a contract is ambiguous is a question of law to be determined by the trial court. *ACTONet, Ltd. v. Allou Health & Beauty Care*, 219 F.3d 836, 843 (8th Cir. 2000), cited with approval in *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1040 (8th Cir. 2000) ("*NPPD*"). In

the *NPPD* case, the Eighth Circuit Court of Appeals performed an exhaustive review of Nebraska contract case law. The court outlined general principles of Nebraska law with regard to construction of a contract. Those principles are summarized, without additional citation, as follows:

> 1. The terms of the contract are to be accorded their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them.
> 2. A contract must be interpreted to give effect to the parties' intent at the time the contract was drafted.
> 3. The contract must be construed as a whole, and if possible, effect must be given to every part thereof.
> 4. A party may not pick and choose those portions that favor its positions.
> 5. In reading a contract for ambiguity, the specific governs the general.
> 6. In determining whether a contract is ambiguous, under Nebraska law, a court may look to course of performance evidence.
> 7. When so read, a contract is ambiguous if a word, phrase, or provision in the instrument has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.
> 8. A court must determine the meaning of an unambiguous contract without resort to extrinsic evidence. However, if the contract is ambiguous – that is, if it may objectively be understood in more than one way – then extrinsic evidence is admissible.

234 F.3d at 1040-41.

Using those principles as a guide, the settlement agreement is quite clear and unambiguous as to the rights and remedies of the parties in the event of a default in payment by the Defendant. Specifically, under paragraph 3 of the settlement agreement, the Plaintiff is given the right to accelerate the remaining balance due and obtain a confession of judgment. Pursuant to paragraph 4 of the settlement agreement, upon default in making the settlement payments to the state, the Defendant agreed to "confess entry of judgment in the sum of the remaining balance due at that time." The method for obtaining the confession of judgment under paragraph 4 included filing the settlement agreement and release "along with an accounting of payments made and the balance remaining due, . . ." The Defendant agrees to "assent to the entry of said judgment in the amount calculated from the accounting or payments made and the balance remaining due submitted by the State with the Stipulation And Release."

The Plaintiff asserts that it is entitled to the total amount it claimed to be due under its complaint filed in state court, including treble damages and penalties, less the payments made under the settlement agreement. That argument is simply not supported by the express terms of the settlement agreement. In fact, the Plaintiff fails to identify any language in the settlement agreement that would support such an interpretation. The settlement agreement clearly provides for accelerating the balance due under the agreement – not the amounts claimed in the complaint. Further, as part of the settlement agreement, the state agreed to dismiss the state court complaint

*with* prejudice.  Therefore, the moment the state entered into the settlement agreement, it agreed to look only to the settlement agreement amount for any recovery.

IT IS, THEREFORE, ORDERED, that the Plaintiff's motion for summary judgment (Fil. No. 29) is granted in part.  The Plaintiff is entitled to a judgment in the amount of $18,668.69, representing the balance due under the terms of the settlement agreement, which amount is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).  The balance of the Plaintiff's motion for summary judgment is denied.  The Defendant's cross-motion for summary judgment (Fil. No. 31), conceding liability for the judgment granted to the Plaintiff, is granted.

Separate judgment to be entered.  This order is final for purposes of appeal.

DATED: May 30, 2018.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Vicki L. Adams
    *James C. Bocott
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.